IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA NATIVE TRIBAL HEALTH CONSORTIUM,<br><br>              Plaintiff,<br><br>   vs.<br><br>PREMERA BLUE CROSS,<br><br>              Defendant.<br>_____<br>SOUTHCENTRAL FOUNDATION,<br><br>              Plaintiff,<br><br>   vs.<br><br>PREMERA BLUE CROSS,<br><br>              Defendant.<br>_____ | No. 3:12-cv-0065-HRH<br>and<br>No. 3:12-cv-0165-HRH<br>(Consolidated) |

O R D E R

Cross-motions for Summary Judgment

Plaintiff moved for partial summary judgment.[1] This motion was opposed, and defendant cross-moved for summary judgment.[2] Defendant's cross-motion was opposed.[3]

---

[1]Docket No. 185.

[2]Docket No. 193.

[3]Docket No. 202.

After hearing oral argument, the court denied both motions on the record. What follows is a brief order explaining the court's denial of the motions.

Facts

Plaintiff Alaska Native Tribal Health Consortium (ANTHC) is a tribal organization that provides health care services to Alaska Natives, American Indians, and other eligible individuals pursuant to Titles I and V of the Indian Self-Determination and Education Assistance Act, 25 U.S.C. §§ 450f-450n, 458aaa-458aaa-18; the Alaska Tribal Health Compact; and plaintiff's Funding Agreement with the Secretary of Health and Human Services. Plaintiff co-manages the Alaska Native Medical Center (ANMC) in Anchorage, Alaska, under this authority.[4] Alaska Natives and American Indians who receive health care services at ANMC are not personally responsible for paying costs associated with their care, although plaintiff could choose to charge ANMC patients for a portion of their care.

Defendant is Premera Blue Cross. Defendant provides health insurance to some of the individuals who obtain health care services at ANMC. From 2001 through 2011, plaintiff and defendant had a contract which provided the rates which defendant agreed to pay for the health care services that plaintiff provided to defendant's insureds. That contract was terminated by plaintiff on April 15, 2011, as a consequence of a dispute between the parties over plaintiff's use of Guardian Flight for air ambulance services.

---

[4]Plaintiff also provides health care services to Alaska Natives, American Indians, and other eligible individuals through other programs and facilities besides ANMC.

Unlike plaintiff, defendant requires its insureds to pay some form of cost-sharing when they receive health care services covered by their insurance plan. Defendant's insureds may be required to pay co-payments or deductibles or some combination thereof.

Plaintiff commenced this action on March 27, 2012. Plaintiff alleges that defendant is not paying it in accordance with Section 206(a) of the Indian Health Care Improvement Act, 25 U.S.C. § 1621e. The only remaining claim in this action is Count 3 of plaintiff's first amended complaint, which deals with defendant's post-contract payments to plaintiff. In Count 3, plaintiff seeks to "recover from Premera the difference between the actual amounts it paid to ANTHC and ANTHC's reasonable charges billed for health care and services provided to Premera's insureds...."[5]

The court has held that Section 206(a) requires defendant to pay plaintiff "the higher of its reasonable billed charges or the Alaska UCR rate."[6] Plaintiff contends that since April 16, 2011, defendant has failed to pay it according to Section 206(a) because defendant is paying plaintiff less than its billed charges, which plaintiff contends are reasonable.

Plaintiff moved for summary judgment that the minimum amount that defendant owes plaintiff is the difference between defendant's "allowed amounts" and what defendant has actually paid plaintiff because defendant has admitted that its allowed amounts are reasonable charges. Defendant opposed plaintiff's motion for partial summary judgment and

---

[5]First Amended Complaint at 7, ¶ 19, Docket No. 10.

[6]Order re Motion for Judgment on the Pleadings at 13, Docket No. 73.

cross-moved for summary judgment on plaintiff's remaining claim. Defendant contends that it has not admitted that its allowed amounts constitute reasonable payments and that plaintiff cannot prove that its actual billed charges are reasonable.

Discussion

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to show that there is an absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In deciding a motion for summary judgment, the court views the evidence of the non-movant in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255.

"Allowed amounts" are "the maximum amount that an insurer would consider paying for a medical service or procedure, including any payments for which the insured individual would be responsible for (i.e. co-pays, deductibles, etc.)."[7] Plaintiff argues that defendant has admitted that its allowed amounts are reasonable and thus plaintiff contends that defendant should have at least paid plaintiff the allowed amounts. Plaintiff's argument is

---

[7]Expert Witness Report, Exhibit C at 2, Plaintiffs' Memorandum in Support of Fourth Summary Judgment Motion, Docket No. 186.

based on two contentions: 1) that defendant contends that it determines its allowed amounts in accordance with the Alaska UCR rate,[8] and 2) that defendant contends that the UCR rate is a reasonable rate for purposes of Section 206(a).

While there is no dispute that defendant determines its allowed amounts in accordance with the Alaska UCR rate, defendant has not admitted that its allowed amounts constitute reasonable payment for purposes of Section 206(a). Although some of defendant's witnesses testified the allowed amount or UCR calculation was reasonable, it is not clear whether they were doing so for purposes of Section 206(a) or whether they were doing so based on the common meaning of allowed amount in the healthcare industry, which consists of the maximum amount the insurer will pay <u>including</u> any amounts for which the insured will be responsible. This is material because the court has determined that cost-sharing is irrelevant for purposes of the reasonable billed charges provision of Section 206(a).[9] Thus, plaintiff's motion for partial summary judgment was denied.

As for defendant's cross-motion for summary judgment, defendant argues that it is entitled to summary judgment on plaintiff's remaining claim for two reasons. First, defendant contends that plaintiff cannot prove that its billed charges are reasonable. Second, defendant contends that it can prove that what it has paid plaintiff is reasonable.

---

[8]The Alaska UCR is the rate required by 3 AAC 26.110, which "establishes the methodology for determining payments to non-contracted providers by third-party payors such as [defendant] who pay less than billed charges." <u>Id.</u> at 3.

[9]Order re Cross-Motions for Partial Summary Judgment at 8-9, Docket No. 144.

As for defendant's contention that plaintiff cannot prove that its billed charges are reasonable, defendant argues that plaintiff has no admissible evidence as to the reasonableness of its billed charges because the opinions of plaintiff's experts should be excluded. But because the court has denied defendant's motion to exclude,[10] this argument fails.

Defendant also argues that it is entitled to summary judgment because what it has paid plaintiff already is reasonable. In making this argument, defendant relies on the six factors the court identified in an earlier order as factors that may be relevant to the question of whether a hospital's charges are reasonable: 1) an analysis of the relevant market for hospital services, 2) the usual and customary rate the hospital charges, 3) the hospital's internal cost structure, 4) the nature of the services provided, 5) the average payment the provider would have accepted as full payment from third parties, and 6) the price an average patient would agree to pay for the service in question. The parties agree that factors 2, 4, and 6 are not relevant, which means only factors 1, 3 and 5 are relevant in this case.

Defendant's argument primarily focuses on factor 5, the average payment the provider would have accepted as full payment from third parties. Defendant argues that the evidence shows that it pays plaintiff a higher percentage of billed charges than other third-party payors pay plaintiff. Based on his analysis of payments plaintiff "received from all insurers, including Premera, during the time period of October 2011 through October 2015,"

---

[10]Docket No. 211; see also, Order re Motion to Exclude Testimony of Expert Witnesses, which is being filed contemporaneously with this order.

defendant's expert, Menenberg, opines that "Premera pays a lower percentage of billed charges than other payors overall, but the differential is only 2.6% (54.2% versus 56.8%)."[11] Because plaintiff has accepted payment from other commercial payors at rates that are much less than plaintiff's billed charges, defendant argues that what it has paid plaintiff, which is very close to what other commercial payors pay plaintiff, is reasonable.

Defendant argues that the other two relevant factors also weigh in its favor. Factor 1 is an analysis of the relevant market for hospital services, which according to Menenberg, can be analyzed by comparing "the amounts other peer hospitals agreed to accept from Premera for services provided to Premera members."[12] Menenberg

> identified 8 DRGs which had high volumes at ANMC over the relevant time period. For each DRG, I compared the average payment made by Premera to ANMC with the average payments Premera made to the peer hospitals each year. ... Premera's payments to ANMC compared favorably with the payments made to the peer hospitals for the same DRG.[13]

Thus, defendant argues that this factor weighs in favor of a finding that what it has already paid plaintiff is reasonable.

As for factor 3, the hospital's internal cost structure, Menenberg avers that defendant's payments to plaintiff "are anywhere from 32% to 51% more than the costs which

---

[11] Supplemental Rebuttal Expert Witness Report at 13, Exhibit 11, Declaration of Gwendolyn C. Payton, Docket No. 195.

[12] Id. at 15.

[13] Id. at 15-16.

ANMC incurs to provide the medical services[.]"[14] Because its payments exceed plaintiff's costs, defendant argues that this is evidence that what it is paying plaintiff is reasonable.

Contrary to defendant's contention, the issue here is not whether defendant's payments to plaintiff were reasonable. The primary issue to be resolved in this case is whether plaintiff's billed charges are reasonable. While the reasonableness of defendant's payments has some bearing on this issue, the reasonableness of defendant's payments is not case dispositive. As to the reasonableness of plaintiff's billed charges, there are genuine issues of material fact. While Menenberg's opinions suggest that plaintiff's billed charges, which are higher than what defendant has paid plaintiff, might be unreasonable, there is evidence that plaintiff's billed charges are reasonable.[15] Thus, defendant's motion for summary judgment was denied.

## Conclusion

Based on the foregoing, the court denied plaintiff's motion for partial summary judgment and defendant's cross-motion for summary judgment.

DATED at Anchorage, Alaska, this 18th day of January, 2017.

/s/ H. Russel Holland
United States District Judge

---

[14]Id. at 3 (emphasis omitted).

[15]See e.g., Expert Report of Peter A. Ripper, Exhibit 22, Payton Declaration, Docket No. 195.